UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

EASTMAN KODAK COMPANY and
MARTIN M. COYNE,

              Plaintiffs,         OPINION

    -against-               04 Civ. 5132 (MGC)

BAYER CORP. formerly MILES, INC.;
THE STERLING DRUG INC.
SUPPLEMENTAL BENEFIT PLAN; and
THE SUPPLEMENTAL BENEFIT PLAN
COMMITTEE OF STERLING DRUG
INC.,

              Defendants.
----------------------------------X

CEDARBAUM, J.

    Martin M. Coyne moves pursuant to Fed. R. Civ. P. 62(c) to stay the part of my May 6, 2005 order of dismissal which instructs the defendants to accept plaintiff's complaint in this action "as a formal claim for benefits that triggers the schedule for administrative determination set forth in the amended plan." For the reasons that follow, the motion is denied.

                            BACKGROUND

    Martin M. Coyne began working for defendant Sterling Drug Inc. in 1981. Shortly thereafter, Coyne subscribed to Sterling's supplemental retirement benefits plan. In 1989, Eastman Kodak acquired Sterling, although Sterling was

1

subsequently resold.  In 1994, Coyne left his job at Sterling to join Kodak, where he worked until his retirement on July 1, 2003.  Following Coyne's retirement from Eastman Kodak, defendants did not pay Coyne the retirement benefits that he alleges they owe him.  However, pursuant to an agreement with Coyne, Kodak paid Coyne the supplemental benefits allegedly owed to him by defendants.

Kodak and Coyne commenced this action on June 28, 2004. Coyne sued defendants for benefits under the supplemental retirement plan, and Kodak sued for indemnification of its payments to Coyne.  Plaintiffs' motion for summary judgment on the ground that Coyne had not failed to exhaust administrative remedies prior to filing suit was denied, and the action was dismissed without prejudice to its refiling after Coyne had exhausted his administrative remedies. Coyne has filed a notice of appeal from this interlocutory order.  Plaintiff Eastman Kodak has not appealed.

DISCUSSION

As a threshold matter, plaintiff does not explain how Fed. R. Civ. P. 62(c) applies in this case.  That Rule provides, in relevant part: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the

pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c). Since plaintiff does not appeal from an order granting, dissolving, or denying an injunction, Fed. R. Civ. P. 62(c) is inapplicable.

However, even if Rule 62(c) were applicable in this case, plaintiff has made no showing of irreparable harm without a stay. Granting a stay pending appeal pursuant to Fed. R. Civ. P. 62(c) is "discretionary and equitable" and the movant bears the burden of proof in the determination. Hayes v. City Univ. of N.Y., 503 F. Supp. 946, 962 (S.D.N.Y. 1980). The four considerations guiding the court's exercise of discretion are "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993).

The only irreparable injury that plaintiff contends he may suffer in the absence of a stay is the mooting of his appeal by the issuance of a favorable benefit determination

3

during the pendency of the appeal.[1]  However, plaintiff's success in receiving the benefit he seeks is not an injury. Plaintiff does not cite any case in which a stay pending appeal was issued to prevent the movant from receiving the remedy for which he sued.  Plaintiff cites several cases in which a stay was granted, thereby preventing the mooting of the movant's appeal.  However, in each of these cases, the mooting of the appeal was not itself the irreparable harm that the movant might have suffered in the absence of a stay.  See, e.g., Becker v. United States, 451 U.S. 1306, 1311 (1981)(loss of use of movants' assets during pendency of appeal); In re Country Squire Assocs., L.P., 203 B.R. 182, 183 (2d Cir. 1996)(sale of movant's real property during pendency of appeal); In re Advanced Mining Systems, Inc., 173 B.R. 467, 469 (S.D.N.Y. 1994)(distribution to others of assets against which movant asserted a claim); Crayton v. Reetz, No. 89 Civ. 1617(CSH), 1990 WL 20166, at *1 (S.D.N.Y. Feb. 27, 1990)(eviction of movant).  In every case cited by the plaintiff, the movant was in danger of being permanently injured during the pendency of the appeal by some irreparable harm.  In contrast, plaintiff is in no

---

[1] Plaintiff does not allege that he will suffer any monetary loss absent a stay.  Notably, Eastman Kodak, the only plaintiff in this action that sustained any out-of-pocket monetary loss because of defendants' failure to pay benefits to Coyne, has not joined this motion for a stay, nor has it appealed from the May 2005 order in this case.

4

danger of harm without a stay, much less in danger of irreparable harm.  Therefore, even if Fed. R. Civ. P. 62(c) were applicable to this case, plaintiff has failed to show that there is any danger that he will suffer irreparable harm without a stay.

CONCLUSION

For the foregoing reasons, plaintiff's motion for a stay pending appeal is denied.

SO ORDERED.


Dated:    New York, New York
          November 18, 2005

                                    S/_____
                                      MIRIAM GOLDMAN CEDARBAUM
                                      United States District Judge